# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

THOMAS C. DURANT, as Receiver of the Adirondack Company, Respondent, v. GEORGE KENYON, Appellant.

*Mortgage — what is a sufficient description of the land mortgaged to enable the purchaser at a foreclosure sale to recover the same in ejectment — when a general description is sufficient.*

Appeal from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was one of ejectment to recover some eighty-three acres of land situate in Saratoga county; both parties claiming title from a common source, viz., the Sacketts Harbor and Saratoga Railroad Company; the plaintiff, through a mortgage executed by the company which had been foreclosed and the mortgaged property conveyed by a referee; the defendant, through a judgment recovered and docketed against said company subsequent to the execution and recording of said mortgage, by virtue of which judgment the premises in question were sold by the sheriff. The judgment creditors were parties defendant in the action of foreclosure. The mortgage after describing several pieces of land contained the following description : "Also all the real property of said party of the first part, to which said party has any right, title or interest, legal or equitable, in either of the counties of Saratoga, * * * and particularly all lands immediately adjoining the line of said road, and which are designed or intended to be used in operating the said railroad, or in carrying on the business of said company, as land for depots, engine, car or freight-houses, or the like, and all buildings and structures placed or to be placed on the line of said railroad, or on any such lands as aforesaid."

The court at General Term said : "The foreclosure must have cut off the defendant. The defendant admits this if the mortgage

contained a sufficient description of the premises. Whether it did or not seems to be the only question. The railroad company owned this land when it executed the mortgage. The mortgage (or rather mortgages, for there were three) described and mortgages a large amount of land by description in three or four counties. And before the part containing the several descriptions of this land, it mortgaged the line or road-bed; 'also all the real property of said party of the first part to which said party has any right, title or interest, legal or equitable, in either of the counties of Saratoga * * * and particularly all lands immediately adjoining the line of said road and which are designed or intended to be used in operating the said railroad or in carrying on the business of said company.' The land in question is in Saratoga county; is not specifically described in the mortgage, and if covered at all, is covered by the language above quoted. The referee's deed conveyed the land in question, if at all, by general words : 'all the real property of said company,' etc.

"The defendant insists that the mortgage conveyed only those lands 'which are designed and intended to be used in operating,' etc. There is no doubt that the lands in question are immediately adjoining the line of said road. And it will be seen that preceding that clause in the mortgage are general words covering all the real property to which the railroad has any title. These words are sufficient to cover the lands in question, unless we are to hold that general words of this kind are insufficient. The contrary is laid down in *Jackson* v. *De Lancey* (11 Johns., 365). General words of this kind are very common in assignments made by insolvent debtors, and we are not aware that they have been held insufficient. A general devise of a testator's land is often made and we see no reason why a man may not by general words mortgage all the land he owns in a county. Such a mortgage is not void for uncertainty, as were the cases of *Rollin* v. *Pickett* (2 Hill, 552) and *Peck* v. *Mallams* (10 N. Y., 509). That is certain which can be made certain. When it is shown that the mortgagor owned the land at the time of the mortgage, the mortgage is made as certain as if the description had been given.

"The case of *Rourk* v. *Murphy* (12 Abb. N. C., 402) is entirely different. A married woman, after mortgaging back certain land

for the purchase-money, added : 'And hereby makes a payment of the moneys hereby secured a charge upon her other sole and separate estate.' It was very properly held that this created only a general charge on the mortgagor's estate, such, that is, as she should own when the deficiency might be ascertained. It was only making her separate estate liable, just as it would have been without such a clause had she been a *feme sole*.

" It may be added that the judgment was a lien only upon such interests as the railroad company had in the land, and the judgment-creditors were not even *bona fide* purchasers for value."

The judgment should be affirmed, with costs.

*P. H. Cowen,* for the appellan

*A. Pond,* for the respondent.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Judgment affirmed. with costs.